**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| M.H., on behalf of himself and on behalf of the class of juvenile parolees who face revocation proceedings,<br><br>      Plaintiffs,<br><br>  v.<br><br>ADAM MONREAL, Chairman of the Illinois Prisoner Review Board; and CANDICE JONES, Director of the Department of Juvenile Justice,<br><br>      Defendants. | Case No. 12CV8523<br><br>Hon. Andrea R. Wood |

**PLAINTIFF'S UNOPPOSED MOTION TO APPROVE THE
PARTIES' AGREEMENT GOVERNING ATTORNEYS' FEES**

      The Parties have negotiated a consent decree governing the appointment of counsel to youth facing parole revocation proceedings. Plaintiff now moves the Court to approve the Parties' joint agreement governing attorneys' fees and costs in this matter. In support, Plaintiff states:

      1.     Following the negotiation of the consent decree in this suit, *see* Doc. No. 53-1, the Parties entered into further negotiations pertaining to class counsel's request for fees and costs, in accordance with 42 U.S.C. § 1988 and Local Rule 54.3. For actions brought under 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). The term "prevailing party" is a "legal term of art" referring to "a party in whose favor a judgment is rendered." *Buckhannon*, 532 U.S. at 603. *See also Cady v. City of Chicago*, 43 F.3d 326, 328 (7th Cir. 1994) ("To qualify as a 'prevailing party,' a plaintiff must succeed on a significant issue in litigation, 'which

achieves some of the benefit [he] sought in bringing suit.'") (internal citation omitted). Settlement agreements, enforced by the Court, serve as a basis for attorneys' fees, even where the defendants do not admit liability. *See Buckhannon*, 532 U.S. at 604 (citing cases).

2. Plaintiffs have achieved the relief they sought in this matter, namely, the appointment of counsel to youth facing the revocation of their parole and future imprisonment in the Department of Juvenile Justice, and are therefore the "prevailing party" *See Cady*, 43 F.3d at 328

3. The parties have preliminarily agreed, subject to the Court's approval, to a total fee award of $88,875.00. This amount is based on arms-length negotiations between the parties. Plaintiffs' counsel devoted more than 380 hours to this matter: 144.25 for Sheila Bedi, 25 hours for Alan Mills, and 215 hours for Alexa Van Brunt (these hours were based, by agreement, on the time expended in the litigation prior to settlement).

4. The proposed award is fair and protects the interests of the class. First, the fee award was negotiated after the completion of the consent decree so that the resolution of the suit was not influenced by the possibility of monetary gain to class counsel. Second, the proposed amount is objectively reasonable (in fact, the amount is well below what it would be based on the hourly rates indicated by the *Laffey* Matrix, *see* Explanatory Note, available at www.usdoj.gov/usao/dc/divisions/Laffey_Matrix_2003-2013.pdf). As such, there is no risk that the fee award is "excessive" or that it was negotiated at the expense of the Plaintiff class. *Cf. Susman v. Lincoln American Corp.*, 561 F.2d 86, 88, 91 (7th Cir. 1977); *Crawford v. Equifax Payment Servs.*, 201 F.3d 877, 880-82 (7th Cir. 2000).

5. Plaintiff's counsel has consulted with counsel for the Defendants and is authorized to represent that defense counsel do not oppose this motion.

WHEREFORE, Plaintiff moves the Court to approve the Parties' joint agreement governing attorneys' fees and costs in this matter.

    Respectfully submitted,

**M.H., individually and on behalf of the class of juvenile parolees who face parole revocation proceedings,**

By:    /s/   Alexa Van Brunt
       One of the class attorneys

Alexa A. Van Brunt
Sheila A. Bedi
Roderick and Solange MacArthur Justice Center
Northwestern University School of Law
375 E. Chicago Avenue
Chicago, Illinois  60611

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that she served the foregoing document via the Court's CM/ECF system on July 28, 2014.

/s/ Alexa Van Brunt

**SERVICE LIST**
*M.H. v. Monreal et al.*, 12cv8523

Alan Mills
Uptown People's Law Center
4413 North Sheridan Road
Chicago, IL 60640
(773) 769-1410
***On behalf of the Plaintiff Class***

Michael Dierkes
Deborah Beltran
Illinois Attorney General's Office
100 West Randolph Street
Chicago, IL 60601
(312) 814-7198
***On behalf of Defendants Monreal and Jones***