September 21, 2018

United States District Court
Norther District of Illinois
Honorable Judge Andrea R. Wood
219 South Dearborn Street
Chicago, IL 60604

Dear Judge Wood:

In response to your court order on September 13, below is a brief summary of my assessment of Defendants' compliance of Paragraph 14 of the *MH v Monreal* Consent Decree.

The relevant portion of Paragraph 14 the Consent Decree states that: "The Defendants will provide sufficient resources so that each Eligible Youth and Screening Eligible Youth is represented by appointed, state-funded counsel ("appointed counsel) at every stage of the parole process after counsel is appointed, including preliminary parole hearings, final revocation hearings and any appeals or requests for reconsideration, as set forth in this Consent Decree."

Shortly after this Consent Decree was entered into, Defendants developed contracts with attorneys in different parts of the state to represent youth going through juvenile parole revocation proceedings. Youth have been consistently represented by counsel since that time. Therefore, arguably Defendants have been in compliance with the spirit of this provision of the Consent Decree since May 2015.

Over the course of the past three and a half years, Defendants have failed to make timely payments to appointed counsel. In some instances, payments have been as late as nine months. In monitoring this Consent Decree, I have heard from several of the appointed counsel that the significant gap in payments has affected the quality of representation and that some of the attorneys were hesitant to complain for fear of retaliation from the State.

Even after reports by Defendants that payments would be made promptly and an expedited process would be implemented, appointed counsel continued to go unpaid for many months. Given the Consent Decree explicitly states that Defendants would "provide sufficient resources . . . for state-funded counsel" I do believe these very long delays in payment amount to a violation of the Consent Decree.

It is my understanding that appointed-counsel have received payments recently to bring them up to date through June 2018, which would make Defendants at this moment in substantial compliance with Paragraph 14 of the Consent Decree. Defendants had a nine-month period that they were in compliance with this provision followed by many months of non-compliance

and have not been in substantial compliance for more than three months since. Defendants' current compliance has not been a full quarter.

Although Defendants have not been in substantial compliance with this provision of the Consent Decree for 18 consecutive months, due to this being the last remaining provision and more importantly because youth have continued to receive representation, it is my opinion that there is no longer a need for active monitoring by the Court Monitor. Plaintiffs' counsel can continue to monitor this provision.

Sincerely,

*David Muhammad*

David Muhammad
Court Appointed Monitor